IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA G. CHAMBLISS,              *
                                 *
        Plaintiff,               *
                                 *
vs.                              *   CIVIL ACTION 07-00360-KD-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of                  *
Social Security,                 *
                                 *
        Defendant.               *

## REPORT AND RECOMMENDATION

This action is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Petition for Authorization of Attorney Fees (Doc. 30), and Defendant's Response thereto (Doc. 32). Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Attorney Fees (Doc. 30) be **GRANTED.**

## A.   Findings Of Fact

1.  Plaintiff filed an application for a period of disability and disability insurance benefits under Titles II of the Social Security Act ("Act") 42 U.S.C. 401-433 on March 7, 2005 (Doc. 20 at 1-2). Plaintiff's claims were denied at the initial level on May 5, 2005 (Doc. 30 at 1).

2.  Plaintiff retained Petitioner, Byron A. Lassiter, attorney at law, on April 5, 2006, to represent him before the Social Security Administration ("SSA") regarding her claim for

disability and disability insurance benefits.  They reached an agreement whereby Plaintiff agreed to pay an attorney's fee equal to the lesser of twenty-five percent (25%) of any accumulated past-due benefits paid to her in the event of the successful prosecution of his claim before the SSA (Doc. 30 at 1).

3.    In an Order dated September 29, 2006, an Administrative Law Judge issued a decision wherein he found that Plaintiff was not entitled to disability and disability insurance benefits (Doc. 30 at 1-2).  Plaintiff timely filed an appeal, and on March 28, 2007, the Appeals Council ("AC") denied the request for review (Id. at 2).

4.    On April 15, 2007, Plaintiff and Mr. Lassiter executed an agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him and his family in the event of the successful prosecution of her claim in federal court.  (Doc. 30, Exhibit C).

5.    Mr. Lassiter filed an action in this Court on May 18, 2007 seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability and disability insurance benefits.  (Doc. 1).

6.    On November 20, 2007, U.S. District Judge Kristi K. Dubose entered an Order and Judgment, reversing and remanding this cause to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).  As a result, Plaintiff was a prevailing party under the

2

Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docs. 22, 23).

7. On November 12, 2008, Plaintiff filed a Motion for Attorney Fees pursuant to the EAJA, and on December 19, 2008, the Court awarded Plaintiff $3,100.94 for attorney's fees. (Doc. 24, 27, 28).

8. Administrative Law Judge Alan E., Michel rendered a fully favorable decision on December 9, 2008. He determined that Plaintiff was entitled to benefits as of January 1, 2003, her alleged onset date. (Doc. 30 at 2). Subsequent thereto, Social Security issued an "Important Information" letter dated February 17, 2009 which provided that Plaintiff's past-due benefits are $44,149.40. (Doc. 30-3, Exhibit B)

9. In his petition, Mr. Lassiter seeks 25% of Plaintiff's past-due benefits, less the $5,300 in administrative attorney fees previously authorized, for a total amount of $5,737.35 for legal services rendered to Plaintiff before this Court[1]. Said amount is consistent with the agreement reached between Mr. Lassiter and Plaintiff. (Doc. 30-4, Exhibit C).

10. The amount requested, $5,737.35, represents 25% of Plaintiff's past-due benefits, less the $5,300 authorized for work at the administrative level, and is not more than twenty-five percent (25%) of Plaintiff's past due benefits.

_____

[1]$44,149.40 x 25% = $1,1037.35 - $5,300 = $5,737.35.

3

11.   In response to Mr. Lassiter's request for contingency fees, Respondent states that it does not object to the requested fee; however, counsel who have receive attorney's fees under both Section 406(b) and EAJA must refund the lesser amount to his client.   (Doc. 32).   Mr. Lassiter acknowledges this in his Petition. **B.   Conclusions Of Law**

**1.   Governing Law**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[2] Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

_____

[2]"When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

In <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 122 S.Ct. 1817, 152 L.Ed. 2d 996 (2002), the Supreme Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." <u>Gisbrecht</u>, 535 U.S. at 809. <u>Gisbrecht</u> specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." <u>Id</u>. at 805-806. The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. [] Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). [] Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

<u>Id</u>. at 807 (footnotes omitted).

In <u>Gisbrecht</u>, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  Wells, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to

the time spent on the action such that the attorney receives a
windfall; 5) fraud or overreaching in making the agreement; and 6)
the requested fee does not exceed 25 percent of past-due benefits.
<u>Gisbrecht</u>, 583 U.S. at 808-809.

    **2.**  **<u>Discussion</u>**

    Mr. Lassiter has included in his Petition itemized statements
which reflect that 16.40 hours were spent on this case pursuing
Plaintiff's claim in federal court (Doc. 30-2, Exhibit A).   As
noted supra, he requests an award of $5,737.35, which represents
the balance remaining of twenty-five percent (25%) of the back
benefits awarded to Plaintiff (Doc. 30 at 6).   Mr. Lassiter asserts
that the contingent fee agreement should be found reasonable and
given effect.   In support of his assertion, Mr. Lassiter notes that
he has represented Plaintiff since April of 2006, and he filed a
civil action on behalf of Plaintiff and  prepared a Proposed Report
and Recommendation, which was filed with the Court on October 12,
2007.  He further asserts that his arguments of behalf of Plaintiff
resulted in her claims being remanded to the Commissioner, and
ultimately resulted in a fully favorable decision, including an
award of approximately $44,149.40 in back benefits.  Mr. Lassiter
has provided a copy of his contingent-fee agreement with Plaintiff
which provides for an attorney fee in the amount equal to twenty-
five percent (25%) of all past-due benefits payable to Plaintiff
and her family in the event this case is won. (Doc. 30-4, Exhibit

C).

The undersigned has carefully reviewed the record in this case, including the Commissioner's response. Based upon the a thorough review of the record, the undersigned finds that Mr. Lassiter is entitled to the requested fee for a number of reasons. First, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party." Gisbrecht, 535 U.S. at 805. In evaluating the reasonableness of the contingency fee arrangement, this Court notes that Mr. Lassiter has represented Plaintiff since 2006, and he obtained a fully favorable decision for his client which included significant past due benefits and future benefits.

Moreover, Mr. Lassiter is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law. Moreover, this Court recognizes that by assuming this representation, Mr. Lassiter assumed a significant risk that he may never recover any fee for his efforts. Further, while this case did not involve any novel theories or complex issues, and the hours spent may appear disproportionate to the award, this Court does not look in isolation at the 16.40 hours spent before this Court. Mr. Lassiter was required to overcome legal and factual obstacles to obtain a

8

maximum award for his client.   Finally, the Court considers the
fact that Plaintiff entered into an agreement with Mr. Lassiter
which is within the statutory maximum and which enabled Plaintiff
to be represented by capable and experienced counsel.   As noted by
the Court in Wells,

> [w]e must recognize, however, that a contingency
> agreement is the freely negotiated expression both of a
> claimant's willingness to pay more than a particular
> hourly rate to secure effective representation, and of an
> attorney's willingness to take the case despite the risk
> of nonpayment. (Citations omitted)  Therefore, we ought
> normally to give the same deference to these agreements
> as we would to any contract embodying the intent of the
> parties. (Citations omitted)  Based on these principles,
> we hold that where there is a contingency fee agreement
> in a successful social security case, the district
> court's determination of a reasonable fee under § 406(b)
> must begin with the agreement, and the district court may
> reduce the amount called for by the contingency agreement
> only when it finds the amount to be unreasonable.
> (Citations omitted).

907 F.2d at 370.

Therefore, upon consideration of the foregoing, the undersigned
finds that an award of $5,737.35 to Petitioner, for representation
of Plaintiff at the federal court level, is not unreasonable in this
case.[3]   See, e.g., Thomas v. Barnhart, 412 F. Supp. 2d 1240 (M.D.

---

[3]See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363,
1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement
resulting in an award of $21,057.75); Claypool v. Barnhart, 294
F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an
award under a contingency fee agreement of $18,000, for 12.56
hours, resulting in an hourly rate of $1,433.00); Hearn v.
Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving
$25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769,
772-73 (W.D. Va. 2003) (approving contingency fee resulting in an
hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704

Ala. 2005).

III.  **Conclusion**

Accordingly, the undersigned **RECOMMENDS** that Petitioner be authorized to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$$5,737.35.** This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff.  The Magistrate Judge further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$3,100.93** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[4]

---

(W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

[4]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff. <u>See</u> Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.

DONE this **13th** day of **March, 2009.**

_____**/s/ SONJA F. BIVINS**_____
**UNITED STATES MAGISTRATE JUDGE**

**JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  <u>Opposing party's response to the objection</u>.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  <u>Transcript (applicable where proceedings tape recorded)</u>.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

_____/s/ SONJA F. BIVINS_____
UNITED STATES MAGISTRATE JUDGE